Robert H. HOFFMANN, Susanne Hustadt, Klaus Von Schirach, Heidemarie Kruger, Henriette Hoffmann Von Schirach, and Billy Price, Plaintiffs–Appellants,

v.

UNITED STATES and John D. Ashcroft, Attorney General of the United States, Defendants–Appellees.

No. 00–1131.

United States Court of Appeals, Federal Circuit.

Nov. 6, 2001.

Before MICHEL, SCHALL, and DYK, Circuit Judges.

*ON PETITION FOR REHEARING*

SCHALL, Circuit Judge.

The United States has filed a petition for rehearing. In its petition, the government points out that, in our decision of August 16, 2001, we did not rule on the government's argument that all of plaintiffs-appellants' claims are barred by the "Convention on the Settlement of Matters Arising Out of the War and the Occupation," 6 U.S.T. 4411, T.I.A.S. No. 3425 (October 23, 1954) (the "Settlement Con-

vention"). The government urges us to rule in its favor on the Settlement Convention issue. In the event that we deny rehearing on the Settlement Convention issue, the government asks us to clarify that our August 16 decision does not preclude it from presenting on remand the Settlement Convention issue, which the government says it presented to the district court but the court never addressed, as well as certain other arguments which the government says it presented to the district court but the court never addressed. Plaintiffs–Appellants respond to the government's petition as follows:

> Plaintiffs agree with the government that it is not precluded from any of its arguments with respect to the non-vested Photographic Archive and that the Court's Decision should not be read to imply such result. Similarly, all arguments previously made by Plaintiffs with respect to the non-vested Photographic Archive may be raised on remand.

The government's petition for rehearing is denied. We believe that, should it be necessary, the Settlement Convention issue should, in the first instance, be addressed by the district court. However, we clarify that our August 16 decision does not preclude the government from presenting on remand (i) the Settlement Convention issue and (ii) any additional issues that were previously raised by the government in the district court, but that were not addressed by the court, that are relevant to the matter of the "non-vested portion of the [photographic] archive."

At the same time, we point out that plaintiffs-appellants are not free to assert on remand "all arguments previously made" with respect to the "non-vested portion of the [photographic] archive." In view of our August 16 decision and our denial today of plaintiffs-appellants' petition for rehearing, plaintiffs-appellants are limited in terms of the arguments they may make on remand. The only claim that plaintiffs-appellants may assert on remand is their claim of an implied-in-fact contract of bailment with respect to the "non-vested portion of the [photographic] archive." In our August 16 decision, we concluded that, "based upon the material of record that has been presented to us, a genuine issue of material fact exists as to the existence of an implied-in-fact contract of bailment with respect to the non-vested portion of the [photographic] archive." We also concluded that further proceedings were required in the district court in order to address the government's statute of limitations defense. If the district court rules in the government's favor on its statute of limitations defense, or if it rules in the government's favor on any other dispositive defense that, consistent with this opinion, is properly before it, then the case will be over, subject, of course, to any appeal by plaintiffs-appellants. If, however, plaintiffs-appellants' action survives on remand, then, consistent with our August 16 decision, it will be necessary for the district court to consider the merits of plaintiffs-appellants' claim that there was an implied-in-fact contract of bailment with respect to the "non-vested portion of the [photographic] archive" and that the United States breached that contract.

As stated above, the government's petition for rehearing is denied.

No costs.